IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Norfolk Division**

UNITED STATES OF AMERICA

v.   CRIMINAL NO.: 2:20cr97

CURTIS B. CULBERTSON

Defendant.

**DEFENDANT, CURTIS B. CULBERTSON,
OBJECTION TO INTRODUCTION OF EVIDENCE**

COMES NOW the Defendant, Curtis B. Culbertson, ("Culbertson"), by counsel, and objections to the introduction of evidence of Defendant's prior conviction and supervised release as set forth in the notice filed by the United States on August 2, 2021 (DKT #34).

The introduction of Defendant's prior conviction and the fact that he was on supervised release at the time of the allegations in this case is irrelevant, immaterial and highly prejudicial. The United States argues that the evidence is admissible because it is "necessary to complete the story of the defendant's crimes for the Court." (DKT #34 p.4) A trial in which the Defendant is charged with specific crimes on specific dates is not a forum on the Defendant's past or crimes committed in the past. There are very specific rules of evidence which govern when evidence of prior convictions can be introduced. A desire on the part of the prosecution to advise a jury that the Defendant "did it before thus he must have done it now" does not fit into any of the reasons a prior conviction is admissible. The admission of the evidence would be clear error.

The government's argument that the prior offense which occurred over 12 years ago is somehow intertwined and connected to the current allegations is also without merit. There is no connection between the two instances and such evidence should clearly be excluded unless the defense opens the door by the presentation of evidence or by the Defendant taking the witness stand.

The current trial is about whether the Untied States can prove its case beyond a reasonable doubt on the pending charges. A trial never is nor should it be, a historical summary of a Defendant's prior legal issues with the purpose of telling a jury "he did it before so he must have done it now" or words to that effect.

The Defendant requests that the Court exclude any evidence or testimony of the Defendant's prior conviction or supervised release.

Respectfully submitted,

CURTIS B. CULBERTSON

_____/ s /_____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar No.: 21756
Attorney for the Defendant
 Curtis B. Culbertson
Ruloff, Swain, Haddad, Morecock,
 Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email Address: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2021, I served a true copy of the foregoing via the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, including:

Megan M. Montoya, Esq.
Elizabeth M. Yusi, Esq.
United States Attorney's Office
101 W Main St. Suite 8000
Norfolk, VA 23510
Telephone No.: (757) 441-6331
Facsimile No.: (757) 441-6689
Email: megan.montoya@usdoj.gov
　　　　elizabeth.yusi@usdoj.gov

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　Lawrence H. Woodward, Jr.
　　　　　　　　　　　　　　　　Virginia State Bar No.: 21756
　　　　　　　　　　　　　　　　Attorney for the Defendant
　　　　　　　　　　　　　　　　　Curtis B. Culbertson
　　　　　　　　　　　　　　　　Ruloff, Swain, Haddad, Morecock,
　　　　　　　　　　　　　　　　　Talbert, & Woodward, Jr.
　　　　　　　　　　　　　　　　317th 30 Street
　　　　　　　　　　　　　　　　Virginia Beach, VA 23451
　　　　　　　　　　　　　　　　Telephone No.: (757) 671-6000
　　　　　　　　　　　　　　　　Facsimile No.: (757) 671-6004
　　　　　　　　　　　　　　　　Email Address: lwoodward@srgslaw.com